UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICKIE HALL,

                Plaintiff,

     v.

SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

CASE NO. 3:26-cv-05141-LK

ORDER DENYING MOTIONS FOR
ORAL ARGUMENT AND COURT-
APPOINTED COUNSEL

This matter comes before the Court on Plaintiff Nickie Hall's Motion for Oral Argument, Dkt. No. 9, and her Application for Court-Appointed Counsel, Dkt. No. 12. For the reasons set forth below, the Court denies both motions.

## I.    BACKGROUND

Ms. Hall filed this action in Pierce County Superior Court on November 6, 2025. Dkt. No. 1-1 at 2. Ms. Hall states in her complaint that although she has requested "all paperwork and copies of [Social Security Administration ("SSA")] checks since age 16," Defendant SSA "has refused and neglected to provide the requested information[.]" *Id.* at 3. According to Ms. Hall, she seeks

those records because she has not received Social Security checks and suspects that she is a fraud victim. *Id.* Defendants removed the case to this Court on February 17, 2026, noting that the Court has jurisdiction under 28 U.S.C. § 1442(a) because Ms. Hall has sued a federal agency based on an alleged failure to provide requested documents. Dkt. No. 1 at 2; *see also* Dkt. No. 8 (denying motion to remand).

## II.    DISCUSSION

### A.    The Court Denies the Motion for Oral Argument

Ms. Hall filed a motion for oral argument "immediately." Dkt. No. 9 at 1. She contends that the SSA is "handing out [her] files" to strangers while withholding files from her. *Id.* The Court's Local Civil Rules do not provide for freestanding oral argument untethered to a related motion. *See* LCR 7(b)(4) (setting forth the procedure to request oral argument on a pending motion). Ms. Hall filed her motion for oral argument approximately two weeks before her application for counsel, *see* Dkt. Nos. 9, 12, and the request is not connected to that motion. Nor does she have any other pending motion. Accordingly, the Court denies the motion for oral argument.

### B.    The Court Denies the Application for Court-Appointed Counsel

Ms. Hall has filed an application for court-appointed counsel. Dkt. No. 12. Before this case was removed, the Pierce County Superior Court granted her request for a fee waiver. Dkt. No. 2-1 at 3–4.

There is "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (citation modified). However, in "exceptional circumstances," the Court may seek to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing former version of statute). Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the

ORDER DENYING MOTIONS FOR ORAL ARGUMENT AND COURT-APPOINTED COUNSEL - 2

ability of the petitioner to articulate h[er] claims pro se in light of the complexity of the legal issues involved." *Id.* (citation modified).[1]

Exceptional circumstances may exist where litigants have an insufficient grasp of the legal issues involved or are unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to the relevant case law and litigant's circumstances). "[A] litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that [s]he is therefore impeded in h[er] ability to present h[er] case." *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020).

Here, based on the underdeveloped record, the Court cannot conclude that Ms. Hall is likely to succeed on the merits. Moreover, this case does not appear to present the type of legally or factually complex issues that would preclude her from adequately articulating her claims pro se. Ms. Hall has demonstrated that she is able to file pleadings and motions in this case. While she might more articulately set forth the facts underlying her claims with the assistance of counsel, that is not the test. *See Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Thus, at this stage of the litigation, the Court does not find the exceptional circumstances necessary to justify appointment of counsel. Accordingly, the Court denies Ms. Hall's application to appoint counsel.

---

[1] The Court notes that Section 1915(e)(1) "does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent *pro se* litigants."). Under the statute, "the court may only 'request' that an attorney represent an indigent litigant." *Id.* (quoting 28 U.S.C. § 1915(e)(1)); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307 (1989) (Section 1915 does not authorize compulsory appointments); *Dragasits v. Rucker*, No. 18-CV-0512-WQH-AGS, 2021 WL 4710854, at *2 (S.D. Cal. Oct. 8, 2021) ("[T]he statutory authority to recruit civil counsel" does not allow the Court to "force attorneys to represent an indigent civil litigant.").

ORDER DENYING MOTIONS FOR ORAL ARGUMENT AND COURT-APPOINTED COUNSEL - 3

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Hall's Motion for Oral Argument, Dkt. No. 9, and her Application for Court-Appointed Counsel, Dkt. No. 12.

Dated this 23rd day of April, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTIONS FOR ORAL ARGUMENT AND COURT-APPOINTED COUNSEL - 4